BEATRICE JOHNSON INGLE v. CARNELL INGLE ALLEN, INDIVIDUALLY, CARNELL INGLE ALLEN, CO-EXECUTRIX OF THE ESTATE OF B. H. INGLE, SR., RUTH INGLE JOHNSON, INDIVIDUALLY, CARNELL INGLE ALLEN AND RUTH INGLE JOHNSON, TRUSTEES UNDER THE WILL OF B. H. INGLE, SR., W. A. JOHNSON AND MARTHA INGLE CURRIN

No. 8310SC1174

(Filed 6 November 1984)

1. **Appeal and Error § 6.2; Rules of Civil Procedure § 56.7— immediate appeal of summary judgment against one of several defendants—not mandatory**

   The entry of summary judgment for only one of several defendants was an interlocutory order from which plaintiff could have appealed immediately under G.S. 7A-27 and 1-277, but she was not required to do so. Plaintiff's cross-appeal of the summary judgment, taken after the remaining defendants had appealed from the jury verdict, should not have been dismissed. G.S. 1A-1, Rule 54.

2. **Attorneys at Law § 5.1— negligence—administration of estate in trust—summary judgment proper**

   In an action for negligence against an attorney where plaintiff was a beneficiary under a will and a trust and one of two co-executrices of the estate, summary judgment was properly granted for defendant because: there was no conflict of interest when defendant represented his client, the other co-executrix of the estate and a co-trustee, in an ejectment action against plaintiff involving property which was not an asset of the estate; defendant acted as a commissioner of the court when he assisted his client and another co-trustee in the purchase of estate property; and defendant properly advised the parties concerning their duties under the trust and merely performed a ministerial act by writing and mailing checks which distributed assets of the estate and left the trust in arrears. G.S. 1A-1, Rule 56(c).

   Judge WELLS concurs in the result.

APPEAL by plaintiff from *Smith, Judge*. Order entered 10 August 1983 in Superior Court, WAKE County. Heard in the Court of Appeals 18 September 1984.

This action was filed in the Superior Court of Wake County on 11 June 1980 in which plaintiff sought damages for breach of

fiduciary duties, negligence and fraud arising from the administration of the estate and testamentary trust of B. H. Ingle, Sr., together with a request for an accounting and removal of Carnell Ingle Allen as co-executrix of the estate, and removal of Carnell Ingle Allen and Ruth Ingle Johnson as co-trustees of a trust created under the will.

The defendants Carnell Ingle Allen and Ruth Ingle Johnson filed a motion to dismiss for lack of subject matter jurisdiction, and the motion was allowed. On appeal to this court, judgment was reversed and the case remanded with instructions that plaintiff be permitted to amend her complaint. *Ingle v. Allen*, 53 N.C. App. 627, 281 S.E. 2d 406 (1981). On 9 September 1980, defendant W. A. Johnson, attorney, answered plaintiff's complaint and subsequently answered plaintiff's amended complaint.

On 16 November 1982, Judge Robert Farmer entered summary judgment for defendant W. A. Johnson and against the plaintiff. Plaintiff's motion to reconsider was denied by the trial court on 29 November 1982, and plaintiff filed objections and exceptions to the order of dismissal on 1 December 1982, but nothing more at that time.

On 10 December 1982, the jury rendered judgment against the remaining defendants, and the trial judge denied the motion of defendants Carnell Ingle Allen and Ruth Ingle Johnson for judgment notwithstanding the verdict on 14 December 1982, and they appealed. On 23 December 1982, plaintiff filed a cross appeal as to defendant W. A. Johnson.

On 9 August 1983, Judge Donald Smith dismissed plaintiff's cross appeal as to defendant W. A. Johnson. Plaintiff appealed to this court and simultaneously filed a petition for a writ of certiorari.

*Tharrington, Smith & Hargrove, by John R. Edwards and Elizabeth F. Kuniholm for plaintiff appellant.*

*Young, Moore, Henderson & Alvis, P.A., by Edward B. Clark and B. T. Henderson, II for defendant appellee W. A. Johnson.*

HILL, Judge.

I

**[1]** Did the trial court err in dismissing plaintiff's appeal of the granting of summary judgment as to the defendant W. A. Johnson? The defendant W. A. Johnson contends the appeal by plaintiff must be taken within 10 days after entry of summary judgment on 29 November 1982 to comply with Rule 3 of the North Carolina Rules of Appellate Procedure and G.S. 1-279; that no objection or exception to summary judgment was made in apt time as required by G.S. 1A-1, Rule 46(b); and that the record on appeal was not filed in the office of the clerk of court and served on defendant W. A. Johnson within 30 days after appeal as required by Rule 11 of the North Carolina Rules of Appellate Procedure. This argument may succeed only if plaintiff, when given the opportunity to appeal from an interlocutory order, must appeal therefrom, thereby delaying the jury trial of the remaining issues and forcing plaintiff at that time to choose either a fragmented appeal or a loss of the right to appeal as to the claim determined in the interlocutory order. We conclude for the reasons which follow that an immediate appeal was not mandatory, and therefore, the trial court erred in dismissing plaintiff's appeal of the granting of summary judgment.

"A final judgment is one which disposes of the cause to all the parties, leaving nothing to be judicially determined between them in the trial court." *Veazey v. Durham*, 231 N.C. 357, 361-62, 57 S.E. 2d 377, 381 (1950); see also G.S. 1A-1, Rule 54. An appeal of right exists from any final judgment of the superior court to the Court of Appeals. G.S. 7A-27(b). On the other hand, an interlocutory judgment or order is "one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey, supra* at 362, 57 S.E. 2d at 381. An appeal may be taken from an interlocutory order only when expressly allowed by the rules of civil procedure or by statute. G.S. 1A-1, Rule 54(b). G.S. 7A-27 and G.S. 1-277 allow an appeal from an interlocutory order when such an order affects a substantial right, in effect determines the action and prevents a judgment from which an appeal might be taken, discontinues the action, or grants or refuses a new trial. An appeal also may be

taken from an interlocutory order where the trial court makes a determination that there is no just reason for delay. G.S. 1A-1, Rule 54(b).

Applying these basic tenets to the case under review, we find that entry of summary judgment as to defendant W. A. Johnson was not a final judgment because plaintiff's claims against all other defendants were not determined at the time of entry. See G.S. 1A-1, Rule 54(b). Hence, plaintiff had no appeal of right from the entry of summary judgment as to defendant W. A. Johnson because it was not a final judgment in the cause. However, plaintiff might have appealed under G.S. 7A-27 and G.S. 1-277 if she so elected. *Nasco Equipment Co. v. Mason*, 291 N.C. 145, 229 S.E. 2d 278 (1976); *Oestreicher v. Stores*, 290 N.C. 118, 225 S.E. 2d 797 (1976). Plaintiff did not so elect to appeal, but chose to go to trial on the remaining claims against the other defendants. When the jury returned its verdict against the other defendants and the other defendants appealed, plaintiff elected at that time to cross appeal as to defendant W. A. Johnson pursuant to Rule 3 of the North Carolina Rules of Appellate Procedure.

Defendant W. A. Johnson argues that G.S. 1-277 has been interpreted to make an appeal allowed under that section mandatory. *See Highway Commission v. Nuckles*, 271 N.C. 1, 155 S.E. 2d 772 (1967). If in fact the *Nuckles* case established that rule, it cannot now operate to bar plaintiff's appeal as to defendant W. A. Johnson for two reasons. First, the *Nuckles* case involved a special body of law—condemnation. Our Supreme Court, in interpreting G.S. 1-277, specifically relied on the special intent of G.S. 136-108, the condemnation statute involved. To allow appeal of the interlocutory order after trial of the action would have "completely thwart[ed] the purpose of G.S. 136-108." *Id.* at 14, 155 S.E. 2d at 784.

Second, the enactment of Rule 54 of the North Carolina Rules of Civil Procedure overruled *Nuckles* to the extent that it would require an interlocutory appeal to be taken where such an appeal would be allowed by Rule 54 or any other rule or statute. Where summary judgment is entered as to fewer than all defendants, there is no final judgment. G.S. 1A-1, Rule 54(b). Although plaintiff in the case before us could have appealed the entry of summary judgment as to W. A. Johnson, she was not required to do

so. This fact finds verification in the case of *Lloyd v. Carnation Co.*, 61 N.C. App. 381, 301 S.E. 2d 414 (1983).

In the *Carnation* case, the plaintiff filed suit against three defendants. The complaint contained seven claims, two of which were against two defendants only and five of which were against the third defendant. In January 1981, the court granted summary judgment on three claims, including the two solely against the two defendants. In January 1982, the plaintiff went to trial against the remaining defendant. At the close of his evidence, plaintiff took a voluntary dismissal as to the remaining defendant and gave notice of appeal as to the summary judgment entered for the other two defendants one year earlier.

On appeal, the defendants argued that plaintiff had lost his right to appeal as to them by failing to give notice of appeal within ten days of the entry of summary judgment in their favor in January 1981, one year before trial and dismissal as to the remaining defendant. This Court disagreed, saying that prior to the plaintiff's dismissal in January 1982, there was no final judgment and therefore "no procedural occasion which made it mandatory for the plaintiff to exercise his otherwise interlocutory right of appeal." *Id.* at 386, 301 S.E. 2d at 417. Although plaintiff could have appealed the entry of summary judgment, he was not required to do so. *Id.* By choosing to proceed to trial as to the remaining defendant, he lost his right to have all defendants tried in one lawsuit but not his right to appeal. *Id.* at 387, 301 S.E. 2d at 418.

Judge Braswell in *Carnation* defined with clarity the choices of the plaintiff:

> By not exercising his procedural right to immediately appeal on 1 January 1981, plaintiff had to go on to trial as to one defendant only. He ran the risk, if successful on this appeal to have summary judgment reversed, of having to go to trial twice on similar subject matter claims. Plaintiff lost his right to have all three party-defendants tried together in one lawsuit.

*Id.* at 386-87, 301 S.E. 2d at 417-18.

In effect, the question is not one of appeal or no appeal. Rather it is a choice between one or two trials. The case sub

Ingle v. Allen

judice was finally disposed of on 14 December 1982, when the trial judge denied the defendants' motion for judgment notwithstanding the verdict, or in the alternative for a new trial. This constituted a final judgment because it finally disposed of all the claims of all the parties. The fact that plaintiff waived her right to appeal the order granting summary judgment to the defendant W. A. Johnson in no way affected her statutory right to appeal from the final judgment. Plaintiff served her notice of appeal on 23 December 1983, well within the 10 day period allowed under Rule 3(c) of the North Carolina Rules of Appellate Procedure and G.S. 1-279(c).

Defendant W. A. Johnson next argues that plaintiff has failed to preserve her exception to the entry of summary judgment in his favor and plaintiff has failed to comply with the rules of appellate procedure in filing and serving her proposed record on appeal. Defendant W. A. Johnson does not argue these points in his brief but neither does he abandon them. We have examined the record on appeal and find no error. We conclude that defendant W. A. Johnson was properly before the court.

II

[2] In a supplemental brief, plaintiff contends the trial court erred in granting summary judgment for defendant W. A. Johnson because (1) there existed issues of material fact to be determined by the jury involving defendant W. A. Johnson's negligence as attorney, and (2) the evidence was sufficient to create an issue of material fact with regard to whether defendant W. A. Johnson owed a duty of care to the plaintiff and failed to exercise due care in the fulfillment of that duty. We find that summary judgment was properly granted.

Upon motion a summary judgment will be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." G.S. 1A-1, Rule 56(c). The party moving for summary judgment has the burden of establishing the absence of a triable issue of fact. His papers are meticulously scrutinized and all inferences are decided against him. *Kidd v. Early*, 289 N.C. 343, 222 S.E. 2d 392 (1976); *Caldwell v. Deese*, 288 N.C. 375, 218 S.E. 2d 379 (1975). In ruling on a mo-

tion for summary judgment, the court will not decide issues of fact. *Vassey v. Burch*, 301 N.C. 68, 269 S.E. 2d 137 (1980). "However, summary judgments should be looked upon with favor where no genuine issue of material fact is presented." *Kessing v. Mortgage Corp.*, 278 N.C. 523, 534, 180 S.E. 2d 823, 830 (1971). An issue is genuine if it "may be maintained by substantial evidence." *City of Thomasville v. Lease-Afex, Inc.*, 300 N.C. 651, 654, 268 S.E. 2d 190, 193 (1980), *quoting Koontz v. City of Winston-Salem*, 280 N.C. 513, 518, 186 S.E. 2d 897, 901, *reh'g denied*, 281 N.C. 516 (1972). When there are factual issues to be determined that relate to the defendant's duty, or when there are issues relating to whether a party exercised reasonable care, summary judgment is inappropriate. *Williams v. Power & Light Co.*, 296 N.C. 400, 250 S.E. 2d 255 (1979); *Johnson v. Lockman*, 41 N.C. App. 54, 254 S.E. 2d 187, *cert. denied*, 297 N.C. 610, 257 S.E. 2d 436 (1979).

Applying these basic tenets to the case under review, we address plaintiff's contention that summary judgment was improperly granted. We find no quarrel with plaintiff's contention that defendant W. A. Johnson owed a duty of care to the plaintiff as a beneficiary under the will. Since she had retained her attorney to assist her as co-executrix of the estate, she must look to that attorney for protection in the areas of administration of the estate. It is well settled in North Carolina that privity of contract is not required in order to recover against a person who negligently performs services for another and thus injures a third party. *Condominium Assoc. v. Scholz Co.*, 47 N.C. App. 518, 268 S.E. 2d 12, *cert. denied*, 301 N.C. 527, 273 S.E. 2d 454 (1980). This court has recognized the general principle of tort law adopted in the Restatement (Second) of Torts:

> [U]nder certain circumstances, one who undertakes to render services to another which he should recognize as necessary for the protection of a third person, or his property, is subject to liability to the third person, for injuries resulting from his failure to exercise reasonable care in such undertaking.

*Condominium Assoc. v. Scholz Co.*, *supra* at 522, 268 S.E. 2d at 15, citing Restatement (Second) of Torts § 324A (1965).

This duty to protect others from harm arises under those circumstances where one person is in a position toward another such

that "anyone of ordinary sense who thinks will at once recognize that if he does not use ordinary care and skill in his own conduct with regard to those circumstances, he will cause danger of injury to the person or property of the other." *Condominium Assoc. v. Scholz Co., supra* at 522, 268 S.E. 2d at 15, *quoting Davidson and Jones, Inc. v. County of New Hanover,* 41 N.C. App. 661, 666-67, 255 S.E. 2d 580, 584, *cert. denied,* 298 N.C. 295, 259 S.E. 2d 911 (1979).

Whether a party has placed himself in a position where his affirmative conduct may be expected to affect the interest of another person, so that tort law will impose upon him an obligation to act in such a way that the other person will not be injured, requires balancing of these factors:

> (1) the extent to which the transaction was intended to affect the other person; (2) the foreseeability of harm to him; (3) the degree of certainty that he suffered injury; (4) the closeness of the connection between the defendant's conduct and the injury; (5) the moral blame attached to such conduct; and (6) the policy of preventing future harm.

*Leasing Corp. v. Miller,* 45 N.C. App. 400, 406-07, 263 S.E. 2d 313, 318, *cert. denied,* 300 N.C. 374, 267 S.E. 2d 685 (1980); *see also Alva v. Cloninger,* 51 N.C. App. 602, 277 S.E. 2d 535 (1981). If the evidence, direct or circumstantial, is sufficient as to any of these factors, it will create a jury question as to whether such a duty exists and whether it was breached by the defendant. *See Condominium Assoc. v. Scholz Co., supra* at 529, 268 S.E. 2d at 19; *Alva v. Cloninger, supra* at 609, 277 S.E. 2d at 540.

A review of the evidence is as follows:

Plaintiff Beatrice Johnson Ingle married B. H. Ingle, Sr., father of the defendants Carnell Ingle Allen and Ruth Ingle Johnson, on 1 June 1969. She was B. H. Ingle's second wife. Plaintiff and B. H. Ingle entered into an antenuptial agreement dated 30 May 1969 under which both parties agreed to relinquish all rights of inheritance, and plaintiff agreed to accept the trust provisions of the will of B. H. Ingle. Mr. Ingle died 9 September 1971. His will dated 9 February 1971 was admitted to probate, and plaintiff and defendant Carnell Ingle Allen qualified as co-executrices of the will. Plaintiff retained attorney Gordon Kelley to assist her as

co-executrix of the estate. Defendant Carnell Ingle Allen retained defendant W. A. Johnson to assist her in administration of the estate. Both plaintiff and defendant Carnell Ingle Allen agreed that defendant W. A. Johnson would keep the checkbook and write all checks in connection with the administration of the estate, but each co-executrix would sign the checks and other documents.

B. H. Ingle's will provided in pertinent part as follows:

SECOND: I give, devise and bequeath . . . my house on Ingle Road formerly known as the parsonage of the church, to my beloved wife, Beatrice Johnson Ingle [plaintiff] for her life, or until she remarries, whichever is earlier and the remainder estate to my children. . . .

I direct that capital repairs, insurance and taxes be paid for from the trust fund hereinafter established during the estate of my beloved wife, Beatrice Johnson Ingle.

. . .

FIFTH: I give and bequeath . . . to my wife, Beatrice Johnson Ingle, the "basic household furniture," furnishings and equipment in our home to permit her to furnish her residence on Ingle Road described above and the sum of $500.00.

. . .

SEVENTH: I give, bequeath and devise all of the residue of my property, both real, personal or mixed, in trust, to Carnell Ingle Allen and Vaughan S. Winborne, Co-trustees, (Ruth Ingle Johnson, the first substitute trustee. . . .) During the life of this Trust, I direct that $125.00 per month be paid to my wife, Beatrice Johnson Ingle, "first from the income, and, if said income is insufficient, from the principal (sic.) of said Trust. . . . The said Trustees are . . . empowered to sell, buy, invest and reinvest in stocks, bonds, savings accounts, and other securities properties (real and personal) as they deem proper without being restricted by statutes or court decisions regulating fiduciaries.

The trust terminated on death or remarriage of the plaintiff, and upon termination the assets were to be distributed to his children.

Plaintiff contends that there are various areas in which defendant W. A. Johnson breached his duty toward her and that the evidence was sufficient to create a jury question. She further contends that defendant W. A. Johnson has failed to carry his burden of affirmatively showing he was entitled to summary judgment. We address the following areas of contention: (1) conflict of interest in the eviction proceeding; (2) negligence in representing the estate—assisting the purchase and sale of estate property by executrices and trustees; and (3) negligence in representing the trust—failure to pay arrears and distribution of corpus.

(1) *Conflict of interest in the eviction proceeding.* At the time of B. H. Ingle's death, he and his wife, the plaintiff, were living in a house on Lake Wheeler Road. This property had been conveyed to defendant Carnell Ingle Allen by B. H. Ingle by deed dated 9 March 1970 and duly recorded. Plaintiff knew it was Carnell Ingle Allen's house before she married B. H. Ingle.

On 10 January 1972, some four months after the death of B. H. Ingle, Carnell Ingle Allen brought an ejectment action against plaintiff on the advice of defendant W. A. Johnson. He represented Carnell Ingle Allen in the ejectment proceeding, and attorney Gordon B. Kelley represented plaintiff. Carnell Ingle Allen secured judgment against the plaintiff for her ejectment and money damages for a portion of the time the house was occupied by plaintiff.

We find no conflict of interest in defendant W. A. Johnson's representing Carnell Ingle Allen in the ejectment proceeding. Plaintiff's contention that the parsonage house devised to her under the will was uninhabitable is immaterial. Title had vested in Carnell Ingle Allen long before B. H. Ingle's death, and plaintiff was aware of this. The property was not an asset of the estate and had no connection therewith. This argument of plaintiff is without merit.

(2) *Negligence in representing the estate.* B. H. Ingle, Sr. owned three tracts of real estate at the time of his death. There was insufficient personal property with which to pay the debts of the estate, the costs of administration, and to fund the trust created under the will. Shortly after assuming his duty as attorney for Carnell Ingle Allen, defendant W. A. Johnson on several occasions notified Carnell Ingle Allen and plaintiff through her

attorney of the need to sell real estate to create assets. Between 1971 and 1977 the trustees endeavored to sell at a private sale two of the tracts to fill the needs arising under the will and under the trust, but retaining the parsonage tract under which plaintiff had a life estate.

On 3 August 1976, plaintiff and the defendant Carnell Ingle Allen as co-executrices petitioned the court for sale of the Maywood Avenue property to pay debts. On 10 February 1977 an order was entered by the clerk of court authorizing sale of the lands at public auction and appointing defendant W. A. Johnson as commissioner to sell the lands. Acting as commissioner on 18 March 1977, defendant W. A. Johnson received a bid of $15,000.00 from the defendant Carnell Ingle Allen. She had bid this sum to establish a base on which to start the bidding. No upset bid was made, and defendant Carnell Ingle Allen as co-executrix advised defendant W. A. Johnson not to seek confirmation. A real estate agent had advised her that the property was worth more than $15,000.00. The clerk of court entered an order declining to confirm the sale and granting defendant W. A. Johnson the right as commissioner to employ a realtor to sell the property. No private sale was generated, and defendant W. A. Johnson, as commissioner, again sold the property at public auction on 22 October 1977 to Martha Ingle Currin for $8,700.00. Defendant W. A. Johnson at this time, as commissioner, recommended that the sale be confirmed.

Although Martha Ingle Currin was the high bidder at the second sale, she testified that she had bid for her brother, Albert Ingle. The 10% good faith deposit required was made with three checks each in the sum of $270.00, each issued by Martha Ingle Currin, Ruth Ingle Johnson, and Carnell Ingle Allen. Defendant W. A. Johnson, as commissioner, on 4 November 1977 advised Carnell Ingle Allen that he assumed the deed was to be made to them but inquired as to how the deed was to be made. Meanwhile, on 3 November 1977, plaintiff had retained a new attorney, J. Harold Harrington, who wrote the defendant W. A. Johnson, explaining that he was distressed to hear that he was considering recommending the sale not be confirmed, and recommended confirmation. The sale was confirmed by the court on 10 November 1977, and defendant W. A. Johnson wrote Martha Ingle Currin de-

manding payment and stating that he was going to make the deed to her.

On 18 November 1977, Martha Ingle Currin and Ruth Ingle Johnson through Lawrence Brothers Realty assigned their bid to Barney C. Joyner and wife for $12,000.00. The contract was not signed by Carnell Ingle Allen, but she and her two sisters met the realtor in the reception room of defendant W. A. Johnson. In the absence of defendant W. A. Johnson, the realtor delivered each a check for $1,153.74. Carnell Ingle Allen testified that defendant W. A. Johnson did not know of the assignment when made and was not aware of the three checks paid to the three sisters. Each sister made a profit of $863.00. At some time defendant W. A. Johnson became aware of the contract by the three women to sell the property, and he became upset. He did not see the sales agreement until after it was signed, but he did know of the asignment of bid since he prepared the deed to the Joyners. Defendant W. A. Johnson avers in his affidavit that he had no knowledge of the assignment of the bid until he made the deed and did not know of any profit made by anyone by reason of the assignment. Defendant W. A. Johnson received and disbursed $8,700.00 only, the amount bid at the court sale.

Plaintiff contends that (a) defendant W. A. Johnson knew in both the first sale, which was not confirmed, and in the second sale, which was confirmed, that defendants Carnell Ingle Allen and Ruth Ingle Johnson were purchasing trust property and that he did nothing to advise them that such a purchase was invalid; and (b) defendant W. A. Johnson assisted the sisters in becoming the purchasers of the property at a time when Carnell Ingle Allen was a co-executrix and a co-trustee with Ruth Ingle Johnson under the will. Based upon these contentions, plaintiff asserts that defendant W. A. Johnson's failure to recognize the problems arising when a fiduciary becomes a purchaser of property with which he is entrusted in his capacities as a fiduciary, see *Smith v. Smith*, 261 N.C. 278, 134 S.E. 2d 331 (1964), along with his failure to prevent the consummation of the sale constituted nonfeasance and were clearly detrimental to the plaintiff. Plaintiff further argues that defendant W. A. Johnson had the responsibility when he learned the sisters had sold the property to inquire whether they had made a profit and to demand that such profit be returned to the estate.

Plaintiff's arguments are misplaced under the facts of this case. When the co-trustees petitioned the court to appoint a commissioner to sell the real estate, and the court appointed the commissioner to make the sale, all rights and obligations in connection with the sale and purchase of the property vested in the court. Only the court could affirm or reject a sale, and the terms and conditions thereof. We know of no case limiting the court operating through its officers and agents in such sales. It is the function of the court to determine that the price received is fair and adequate and is as much as can reasonably be expected to be received for the premises. Once this is determined, it is the function of the court to confirm the sale. The executor, administrator or trustee has no obligation in connection therewith.

The bidders stood as strangers at the sale with no more rights and no more responsibilities than any other bidder. The clerk of court confirmed the sale at $8,700.00. Thereafter it was the duty of the commissioner to collect the purchase price and deliver the deed, and then to submit his final report for approval by the court. This was done.

(3) *Negligence in representing the trust.* Early after defendant W. A. Johnson became attorney for the estate, he advised plaintiff that real estate must be sold to fund the trust. Defendant W. A. Johnson in his affidavit and Carnell Ingle Allen in her deposition testified that defendant W. A. Johnson did not represent the trustees and he advised the trustees that as soon as the estate was closed the trustees were "on their own." He further advised the trustees that the debts of the estate must first be paid and then the trust must be funded.

As early as 1971 the trustees began efforts to sell the real estate and fund the trust. The property was listed with realtors, but no buyer was ever procured. During this time, accumulated debts were paid, and there was no money with which to establish the trust fund.

The initiation of monthly payments to plaintiff began in 1979 when proceeds were generated from the sale of two pieces of property. On 11 September 1979 defendant W. A. Johnson transmitted a check to the plaintiff under a cover letter reading as follows:

On behalf of Mrs. Carnell I. Allen and Mrs. Ruth I. Johnson, Trustees under the will of B. H. Ingle, Sr., deceased, I am herewith advising you that said Trustees have now come into funds with which to establish a trust account out of which they can make monthly payments directed to be made to you under the terms of Mr. Ingle's will. As you know, this will provides that when the trust account is established the Trustees will pay you $125.00 per month for the balance of your life or until your remarriage. Accordingly, I enclose Trustees' check in the amount of $125.00 constituting the first payment due under the terms of Mr. Ingle's will.

Plaintiff first argues under this assignment that the only inference that can be drawn from the evidence is that defendant W. A. Johnson negligently advised defendants Carnell Ingle Allen and Ruth Ingle Johnson that the arrears need not be paid. When a trust is created by will under the terms of which a beneficiary is entitled to payments for a designated period, the beneficiary is entitled to payment from the date of death of the testator, unless otherwise provided in the will. *Trust Co. v. Grubb*, 233 N.C. 22, 62 S.E. 2d 719 (1950). However, when taken in context with the undisputed evidence in the record, it is apparent that defendant W. A. Johnson was nothing more than a conduit through which the check passed to plaintiff. The language of the letter does nothing more than identify the check as the first payment due under the trust and in no fashion addresses the total payments which may be due plaintiff.

Plaintiff next argues that defendant W. A. Johnson was negligent in writing checks for the distribution of assets created under the sale of the two properties. Yet, the record is replete with evidence that defendant W. A. Johnson advised defendants Carnell Ingle Allen and Ruth Ingle Johnson to sell lands to pay debts and fund the trust. The record shows attempts to sell the land through the early stages of administration of the estate with no success. And it is apparent from letters to plaintiff's attorneys that defendant W. A. Johnson kept plaintiff advised of the efforts made.

When Carnell Ingle Allen and Ruth Ingle Johnson advised defendant W. A. Johnson that they had $77,923.98 from the sale of a 12.245 acre tract, defendant W. A. Johnson explained the

terms of the will and advised them as to the establishment of the trust and the manner in which the trust fund would be used. Carnell Ingle Allen and Ruth Ingle Johnson insisted on the distribution of the monies, contending there would be adequate monies from the sale of other lands to meet payments to plaintiff. Defendant W. A. Johnson pointed out the possible liability to the beneficiary and legal ramifications. Both trustees insisted they understood and were willing to take the risk. Defendant W. A. Johnson thereafter explained that not all the funds should be distributed, but rather sufficient funds should be held to permit the estate to be closed. The trustees decided to distribute $64,000.00, leaving a balance of $13,923.98 to be paid to Carnell Ingle Allen as co-executrix. Carnell Ingle Allen testified in her deposition that the distribution of the liquid assets were made contrary to defendant W. A. Johnson's advice.

Defendant W. A. Johnson did write the checks for the distribution. Plaintiff contends that since the assets of the estate were controlled by the co-trustees and defendant W. A. Johnson, he was negligent in participating in the wrongful distribution by writing the checks. Plaintiff contends such distribution was a direct violation of the terms of the will and North Carolina law since insufficient assets were left to pay the arrearages. See *Davison v. Duke University*, 282 N.C. 676, 194 S.E. 2d 761 (1973). We conclude that defendant W. A. Johnson committed nothing more than a ministerial act in writing the checks and mailing them to the beneficiaries, and properly advised the parties concerning their duties under the trust. This assignment of error is overruled.

In conclusion, when we address the responsibility of defendant W. A. Johnson toward all parties in interest—the co-executrix, the court or commissioner, the beneficiaries under the will including the trust and its beneficiary—we resolve that he exercised the ordinary care and skill in his conduct required as attorney for the estate. The overwhelming direct evidence totally explains away any inferences, innuendoes, and mere allegations of negligence which plaintiff argues were sufficient to create an issue of material fact. Once the movant established the absence of any issue of material fact, the opposing party must come forward with facts rather then mere allegations, which negate the moving party's case. *Hotel Corp. v. Taylor and Fletcher v. Foremans,*

*Inc.,* 301 N.C. 200, 271 S.E. 2d 54 (1980); *Moore v. Fieldcrest Mills, Inc.,* 296 N.C. 467 251 S.E. 2d 419 (1979). This the plaintiff has failed to do.

Because of the disposition made herein, the petition for writ of certiorari filed in this cause on 19 January 1984 is dismissed. The decision of the trial court in dismissing plaintiff's appeal of the granting of summary judgment as to defendant W. A. Johnson is

Reversed.

The decision of the trial court in granting summary judgment for defendant W. A. Johnson is

Affirmed.

Chief Judge VAUGHN concurs.

Judge WELLS concurs in the result.