DEPARTMENT OF TRANSPORTATION v. JOE C. ROWE AND WIFE, SHARON B. ROWE; HOWARD L. PRUITT, JR., AND WIFE, GEORGIA PRUITT; ROBERT W. ADAMS, TRUSTEE; ALINE D. BOWMAN; FRANCES BOWMAN BOLLINGER; LOIS BOWMAN MOOSE; DOROTHY BOWMAN ABERNETHY AND HUSBAND, KENNETH H. ABERNETHY; MARTHA BOWMAN CAUDILL AND HUSBAND, JACK CAUDILL; APPALACHIAN OUTDOOR ADVERTISING CO., INC. (FORMERLY APPALACHIAN POSTER ADVERTISING COMPANY, INC.), LESSEE; AND FLORENCE BOWMAN BOLICK

No. 506PA98

(Filed 3 December 1999)

**Appeal and Error; Eminent Domain— appealability—pretrial condemnation hearing—unification order—substantial right not affected—immediate appeal not required**

The trial court's interlocutory order entered in a pretrial N.C.G.S. § 136-108 condemnation hearing which unified defendants' four remaining tracts of land for the purpose of determining damages did not affect a substantial right of defendants, and defendants were thus not required to immediately appeal the order before proceeding to the damages trial and did not waive their right to appeal after the final judgment by foregoing an interlocutory appeal. The holding of *N.C. State Highway Comm'n v. Nuckles*, 271 N.C. 1, 155 S.E.2d 772 (1967) is limited to questions of title and area taken. Even assuming the interlocutory unification order affected a substantial right, defendants were permitted but not required to immediately appeal this order.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 131 N.C. App. 206, 505 S.E.2d 911 (1998), holding that defendants Rowe and Pruitt's appeal of preliminary orders entered by Baker, J., on 8 May 1997 and 16 May 1997 in Superior Court, Catawba County, following a hearing pursuant to N.C.G.S. § 136-108, was not timely filed; finding error in a judgment entered 17 June 1997 by Hyatt, J., in Superior Court, Catawba County;

and ordering a new trial. Heard in the Supreme Court 13 September 1999.

> *Michael F. Easley, Attorney General, by J. Bruce McKinney, Assistant Attorney General, for plaintiff-appellee.*

> *Lewis & Daggett, by Michael Lewis; and Bell, Davis & Pitt, P.A., by Stephen M. Russell, for defendant-appellants Joe and Sharon Rowe and Howard and Georgia Pruitt.*

PARKER, Justice.

The issue in this case is whether defendants Joe C. Rowe, Sharon B. Rowe, Howard L. Pruitt, and Georgia M. Pruitt ("defendants")[1] were required to immediately appeal the trial court's orders from a condemnation hearing unifying their four remaining tracts of land. We hold that the interlocutory orders did not affect a substantial right of defendants and that defendants were not required to immediately appeal the trial court's orders.

Defendants owned 18.123 acres of land located in Catawba County, North Carolina. On 26 June 1995 plaintiff North Carolina Department of Transportation ("DOT") filed a complaint and declaration of taking in Superior Court, Catawba County, condemning 11.411 acres of defendants' land for a highway project and leaving them with 6.712 acres. DOT concluded that the resulting benefits to defendants' property outweighed any loss suffered by the taking. Therefore, DOT did not make a deposit of estimated compensation for the taking.

On 17 May 1996 defendants filed an answer contending that the "special and general benefits" provision of the condemnation statute, N.C.G.S. § 136-112(1) (1993), denied them equal protection in violation of the North Carolina and United States Constitutions. Defendants also challenged DOT's claim that all of defendants' remaining tracts of land should be considered in comparing the benefits of the taking to defendants' resulting loss.

A pretrial hearing was conducted pursuant to N.C.G.S. § 136-108 to settle issues arising from the pleadings other than the amount of damages. The evidence showed that, after the taking, defendants were left with four separate tracts of land identified as tracts A, B, C, and D. The right-of-way taken by DOT ran between tracts A and B,

---

1. The remaining defendants failed to answer the complaint and thus waived their rights in any further proceeding pertaining to this case, including this appeal.

with tract A lying to the southeast and tract B lying to the northwest. Street rights-of-way deeded to the City of Hickory divided tract B from tract C and tract C from tract D. Neither of these rights-of-way was an existing street at the time of the taking.

On 8 May 1997 the trial court filed an order concluding that the four remaining tracts of land formed a physically unified parcel affected by the taking. On 16 May 1997 the trial court entered a second order denying defendants' constitutional challenge to N.C.G.S. § 136-112(1). Following a jury trial on the issue of just compensation, the trial court entered a final judgment on 17 June 1997 decreeing that defendants were not entitled to any compensation for the 11.411 acres of land taken by the DOT.

On appeal the Court of Appeals reversed the trial court and awarded a new trial based on the trial court's erroneous exclusion of impeachment evidence. However, the Court of Appeals also concluded that the trial court's rulings on the constitutionality of the special and general benefits provision of the condemnation statute and the unity of the tracts were interlocutory orders that prejudiced a substantial right of defendants. The Court of Appeals held that *N.C. State Highway Comm'n v. Nuckles*, 271 N.C. 1, 14, 155 S.E.2d 772, 784 (1967), required defendants to immediately appeal those preliminary orders before proceeding to the damages trial. Thus, the rulings were not timely appealed; and the Court of Appeals refused to consider the rulings on their merits. For the reasons which follow, we reverse the decision of the Court of Appeals.

A ruling is interlocutory "if it does not determine the issues but directs some further proceeding preliminary to final decree." *Greene v. Charlotte Chem. Lab., Inc.*, 254 N.C. 680, 693, 120 S.E.2d 82, 91 (1961). In this case, the trial court's orders were clearly interlocutory. The trial court did not completely resolve the entire case. Instead, the court, pursuant to N.C.G.S. § 136-108, determined all relevant issues other than damages in anticipation of a jury trial on the issue of just compensation. Under Article 9, Chapter 136 of the General Statutes, either party to a condemnation action shall have a right of appeal "in the same manner as in any other civil actions." N.C.G.S. § 136-119 (1993).

In general, a party may not seek immediate appeal of an interlocutory order. *See Veazey v. City of Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950). A party may appeal an interlocutory order under two circumstances. First, the trial court may certify that

there is no just reason to delay the appeal after it enters a final judgment as to fewer than all of the claims or parties in an action. N.C.G.S. § 1A-1, Rule 54(b) (1990). Second, a party may appeal an interlocutory order that "affects some substantial right claimed by the appellant and will work an injury to him if not corrected before an appeal from the final judgment." *Veazey*, 231 N.C. at 362, 57 S.E.2d at 381; *see also* N.C.G.S. § 1-277 (1996); N.C.G.S. § 7A-27 (1995); *Tridyn Indus. Inc. v. American Mut. Ins. Co.*, 296 N.C. 486, 251 S.E.2d 443 (1979).

Defendants argue that the trial court's unification of the four remaining tracts did not affect a substantial right of defendants and that defendants were not required to immediately appeal that interlocutory order. We agree.

Whether an interlocutory ruling affects a substantial right requires consideration of "the particular facts of that case and the procedural context in which the order from which appeal is sought was entered." *Waters v. Qualified Personnel, Inc.*, 294 N.C. 200, 208, 240 S.E.2d 338, 343 (1978). This Court has previously determined those issues that affect a substantial right in the context of a condemnation proceeding. *See Nuckles*, 271 N.C. at 14, 155 S.E.2d at 784.

Parties to a condemnation proceeding must resolve all issues other than damages at a hearing pursuant to N.C.G.S. § 136-108. As now written N.C.G.S. § 136-108 provides:

> After the filing of the plat, the judge, upon motion and 10 days' notice by either the Department of Transportation or the owner, shall, either in or out of term, hear and determine any and all issues raised by the pleadings other than the issue of damages, including, but not limited to, if controverted, questions of necessary and proper parties, title to the land, interest taken, and area taken.

N.C.G.S. § 136-108 (1993). At the condemnation hearing in *Nuckles*, the parties contested the area of land being taken by the State Highway Commission ("Commission") based on the Commission's assertion that it had previously acquired a right-of-way over a portion of defendants' land. *See Nuckles*, 271 N.C. at 6, 155 S.E.2d at 778. This Court explained that the purpose of the N.C.G.S. § 136-108 condemnation hearing is "to eliminate from the jury trial any question as to

what land the State Highway Commission is condemning and any question as to its title." *Id.* at 14, 155 S.E.2d at 784. The Court recognized that orders from a condemnation hearing concerning title and area taken are "vital preliminary issues" that must be immediately appealed pursuant to N.C.G.S. § 1-277, which permits interlocutory appeals of determinations affecting substantial rights. *See id.*

In contrast, defendants here are the undisputed owners of the land DOT is seeking to condemn. Defendants contest only the unification of the four remaining tracts, not what parcel of land is being taken or to whom that land belongs. Thus, we hold that the trial court's interlocutory order does not affect any substantial right of these defendants. To the extent that *Nuckles* has been expanded to other issues arising from condemnation hearings, we now limit that holding to questions of title and area taken.

Even assuming that the unification order affected some substantial right, defendants were not required to immediately appeal the trial court's determination. The appeals process "is designed to eliminate the unnecessary delay and expense of repeated fragmentary appeals, and to present the whole case for determination in a single appeal from the final judgment." *City of Raleigh v. Edwards*, 234 N.C. 528, 529, 67 S.E.2d 669, 671 (1951). As a result, interlocutory appeals are discouraged except in limited circumstances. *See* N.C.G.S. §§ 1-277, 7A-27. The language of N.C.G.S. § 1-277 is permissive not mandatory. Thus, where a party is entitled to an interlocutory appeal based on a substantial right, that party may appeal but is not required to do so. To the extent language in *Charles Vernon Floyd, Jr. & Sons, Inc. v. Cape Fear Farm Credit*, 350 N.C. 47, 51, 510 S.E.2d 156, 159 (1999), suggests otherwise, it is hereby disavowed.

Although the parties to a condemnation hearing must resolve all issues other than damages at the N.C.G.S. § 136-108 hearing, that statute does not require the parties to appeal those issues before proceeding to the damages trial. In *N.C. State Highway Comm'n v. Nuckles*, this Court required an interlocutory appeal of ownership issues pursuant to N.C.G.S. § 1-277, not N.C.G.S. § 136-108. 271 N.C. at 14, 155 S.E.2d at 784. The Court held that an immediate appeal following a condemnation hearing was mandatory based on the futility of proceeding with a damages trial when questions linger about what land is being taken and to whom that land belongs. *See id.*

In this case defendants' appeal was unrelated to title or area taken. Defendants did not waive their right to appeal after the final

TIMMONS v. N.C. DEP'T OF TRANSP.

[351 N.C. 177 (1999)]

judgment by foregoing an interlocutory appeal. In a condemnation proceeding, an interlocutory appeal is permissive, not mandatory, except in the limited circumstances that existed in *Nuckles*. Therefore, we hold that defendants were not required to immediately appeal the trial court's order unifying the four remaining tracts. Further, to the extent that *Ingle v. Allen*, 71 N.C. App. 20, 23, 321 S.E.2d 588, 592 (1984), suggests that *Nuckles* was overruled by the enactment of Rule 54 of the North Carolina Rules of Civil Procedure, *Ingle* and its progeny are hereby overruled.

For the reasons stated herein, the decision of the Court of Appeals is reversed and remanded to that court for determination of the issues on the merits.

REVERSED AND REMANDED.