CHARLES A. STANFORD; DONALD M. STANFORD, JR.; JAMES C. STANFORD; RANDOLPH L. STANFORD; CANDACE STANFORD ROBERTS; LESLEY STANFORD; AND ROBIN STANFORD MULKEY, PLAINTIFFS v. OLIVER JOHNSON PARIS, PERSONAL REPRESENTATIVE OF THE ESTATE OF CHARLES WHITSON STANFORD, JR. (90-E-255, ORANGE COUNTY); OLIVER JOHNSON PARIS, INDIVIDUALLY; AND JEAN S. MANN, AND SPOUSE, EDWARD N. MANN, JR., LEVEL I DEFENDANTS, AND STANFORD PLACE LIMITED PARTNERSHIP, A NORTH CAROLINA LIMITED PARTNERSHIP (OLIVER JOHNSON PARIS, GENERAL PARTNER); OLIVER JOHNSON PARIS, PERSONAL REPRESENTATIVE OF THE ESTATE OF JANE S. PARIS (00-E-1010, MECKLENBURG COUNTY); JANE S. PARIS FAMILY TRUST (OLIVER JOHNSON PARIS, TRUSTEE); EDWARD N. MANN, III, AND SPOUSE, LINDSAY W. MANN; ORANGE WATER AND SEWER AUTHORITY; MARGARET M. PLESS; JENNIFER MANN HAWLEY, AND SPOUSE, LEON L. HAWLEY, JR.; AND CHARLES S. MANN, AND SPOUSE, LORI A. MANN, LEVEL II DEFENDANTS

No. 208PA09

(Filed 27 August 2010)

**Appeal and Error— interlocutory order—title to land—construction of will—failure to appeal—appeal not waived**

Plaintiffs did not forfeit their right to appeal by not taking an immediate appeal from an interlocutory order in an action involving the construction of a will and real estate. Although it was argued that an interlocutory order affecting title to land must be immediately appealed, the precedents involved condemnation cases or can be distinguished on procedural grounds.

On writ of certiorari pursuant to N.C.G.S. § 7A-32(b) to review orders entered by the Court of Appeals on 12 March 2009 dismissing plaintiffs' appeal from an order allowing motions to dismiss entered on 16 February 2007 by Judge Carl R. Fox in Superior Court, Orange County. Heard in the Supreme Court 18 November 2009.

**STANFORD v. PARIS**

[364 N.C. 306 (2010)]

*Donald M. Stanford, Jr., pro se, and for plaintiff-appellants.*

*Horack Talley Pharr & Lowndes, PA, by Zipporah Basile Edwards and Robert B. McNeill, for defendant-appellees Oliver Johnson Paris, Personal Representative of the Estate of Charles Whitson Stanford, Jr.; Oliver Johnson Paris, Individually; Stanford Place Limited Partnership, a North Carolina limited partnership (Oliver Johnson Paris, General Partner); Oliver Johnson Paris, Personal Representative of the Estate of Jane S. Paris; and Jane S. Paris Family Trust (Oliver Johnson Paris, Trustee).*

*Epting & Hackney, by Robert Epting and Ellen B. Scouten, for defendant-appellee Orange Water and Sewer Authority.*

*Boxley, Bolton, Garber & Haywood, LLP, by Kenneth C. Haywood; and Horack Talley Pharr & Lowndes, P.A., by Robert B. McNeill and Zipporah Basile Edwards, for defendant-appellee Margaret M. Pless.*

*Hartzell & Whiteman, L.L.P., by J. Jerome Hartzell, for North Carolina Advocates for Justice, amicus curiae.*

PARKER, Chief Justice.

Plaintiffs instituted this action on 13 October 2006 seeking a declaratory judgment as to the construction of Charles Whitson Stanford, Jr.'s (decedent) holographic will that, after certain specific bequests, left "[a]ll stocks, bonds, and real estate, saving account and E Bonds wheresoever situate [including] . . . all stock in Redfields, Inc. left to me by my father, Charles W. Stanford, Sr." to his sisters Jean Stanford Mann and Jane Stanford Paris. The will did not contain a residuary clause. Decedent died 19 May 1990, having never married and leaving no children. Plaintiffs are some of decedent's nieces and nephews who claim that certain of decedent's property adeemed by extinction and should have passed by intestate succession. In addition to Oliver Johnson Paris, individually and as personal representative of decedent's estate, Jean S. Mann and her spouse, Edward N. Mann, Jr., are Level I defendants. The Level II defendants are individuals or entities that purchased or received property which is the subject of this dispute.

The issue before this Court on writ of certiorari is a procedural one. Therefore, this opinion will not discuss the factual basis of the underlying claims. At various times after the complaint and amend-

STANFORD v. PARIS

[364 N.C. 306 (2010)]

ment thereto were filed, all defendants filed a motion or motions to dismiss pursuant to Rule 12(b)(6) of the Rules of Civil Procedure. On 16 February 2007, the trial court entered an order dismissing all defendants except Oliver Johnson Paris, individually and as personal representative of decedent's estate; however, the order did dismiss claims against Oliver Johnson Paris, individually and as personal representative of decedent's estate, related to title to real property owned by Paris. The claims against Paris that were unrelated to his ownership of real property were not dismissed.

By order entered 20 February 2007, the trial court also allowed a separate motion by defendant Orange Water and Sewer Authority (OWASA) to dismiss it from the action. On 20 August 2007, plaintiffs filed a motion for summary judgment. By order entered 15 November 2007, the trial court granted summary judgment in part in favor of defendant Paris and in part in favor of plaintiffs. The trial court determined that the real estate and stock in Redfields, Inc. devised under decedent's will did not adeem, but that certain personal property was not included in decedent's will and should have been distributed under the intestate succession laws. The trial court further ruled that it could not determine whether defendant incurred liability for distribution of the items of personal property until it considered and ruled upon plaintiffs' claims for breach of fiduciary duty and defendant's defenses, including the defense of the statute of limitations.

On 3 March 2008, plaintiffs filed a motion for relief from judgment or order pursuant to Rule 60 of the Rules of Civil Procedure seeking relief from the 15 November 2007 summary judgment order on the grounds that the order omitted an NCNB checking account belonging to decedent and that the intestate estate had been improperly depleted in satisfaction of decedent's specific bequests. By order entered 19 March 2008, the trial court denied plaintiffs' Rule 60 motion.

Thereafter, in a partial judgment by consent entered by the trial court on 18 July 2008, plaintiffs and defendant Paris, individually and in his capacity as personal representative of decedent's estate, agreed that the only remaining issues before the court were Paris's liability, if any, for distribution of decedent's 1984 Buick LeSabre and $2,457.19 the estate received from the State of North Carolina Unclaimed Property Program and that plaintiffs agreed to settle these claims only in exchange for payment of a sum certain from Paris. This consent judgment further provided: "Pursuant to Rule 54 of the Rules of Civil Procedure, entry of this judgment resolves all remaining is-

sues before the Court with respect to this action and thus constitutes the final judgment in this matter."

On 15 August 2008, plaintiffs filed their notice of appeal to the Court of Appeals from the final judgment entered on 18 July 2008 and from all the previously entered interlocutory orders. The record on appeal was filed with the Court of Appeals on 5 January 2009.

After plaintiffs gave notice of appeal and served the proposed record on appeal, defendant OWASA filed a motion to dismiss plaintiffs' appeal on the grounds that the appeal was not filed within thirty days from the trial court's 20 February 2007 order allowing OWASA's motion to dismiss under Rule 12(b)(6) as required by Rule 3 of the Rules of Appellate Procedure. The trial court heard OWASA's motion to dismiss the appeal on 15 December 2008, and, in an order entered 17 December 2008, concluded that "[s]ince this Court's order allowing Defendant OWASA's Motion to Dismiss under Rule 12(b)(6) adversely determined issues vital to Plaintiffs' claims of title to real property, and therefore affected their substantial rights, Plaintiffs were required to appeal within thirty days." The trial court further concluded that plaintiffs failed to file notice of appeal within thirty days of the [20] February 2007 order as required by Rule 3 of the Rules of Appellate Procedure and that their appeal should be dismissed. The trial court thus allowed OWASA's motion to dismiss plaintiffs' appeal as to that defendant.

At the 15 December 2008 hearing on OWASA's motion, counsel for defendant Margaret Pless and counsel for the Level I and Level II Paris defendants made oral motions to dismiss plaintiffs' appeal of the trial court's 16 February 2007 order granting defendant Pless's and the Paris defendants' Rule 12(b)(6) motions on the grounds that these defendants are similarly situated to OWASA and are entitled to the same relief. By order entered 5 January 2009, the trial court concluded that these motions had merit and ordered that "Pless and the Paris Defendants' Motions to Dismiss Appeal of the 12(b)(6) Order entered on February 15, 2007[1] is ALLOWED, and Plaintiffs' appeal herein is dismissed for failure to comply with Rule 3 of the Rules of Appellate Procedure."

This order of the trial court was filed on 5 January 2009 at 11:32 a.m., the Orange County trial court coordinator having earlier that morning notified all counsel that the trial court had signed the order dismissing plaintiffs' appeal on 2 January 2009. Plaintiffs filed the

---

1. The order entered on 16 February 2007 was signed on 15 February 2007.

record on appeal with the Court of Appeals on 5 January 2009 at 2:39 p.m. and at the same time filed a petition for writ of certiorari to the Court of Appeals to review the trial court's 17 December 2008 order dismissing plaintiffs' appeal of the 20 February 2007 order allowing OWASA's motion to dismiss pursuant to Rule 12(b)(6). This petition for writ of certiorari was referred by the Court of Appeals to the panel assigned the case.

On 17 February 2009, plaintiffs filed their brief in the Court of Appeals arguing the issues related to the 16 February 2007, 20 February 2007, 15 November 2007, 19 March 2008, and 18 July 2008 orders without any mention of the 5 January 2009 order dismissing plaintiffs' appeal. Plaintiffs did not file a petition for writ of certiorari as to the trial court's 5 January 2009 order dismissing plaintiffs' appeal from the 16 February 2007 order. On 24 February 2009, defendant Margaret Pless filed a motion for appropriate relief seeking "dismissal of the appeal as to any claims against [her]" and relief from the requirement to file any brief or other papers before the Court of Appeals in response to the brief filed by plaintiffs. On 12 March 2009, the Court of Appeals entered an order treating defendant Pless's motion for appropriate relief as a motion to dismiss appeal and allowing the motion. On 25 February 2009, the Paris defendants also filed a motion for appropriate relief seeking relief "from any requirement to respond to . . . those portions of [plaintiffs'] brief seeking review of the trial court's February 16, 2007 Order Allowing Motions to Dismiss Complaint." By order also entered 12 March 2009, the Court of Appeals treated this motion for appropriate relief as a motion to dismiss appeal and allowed the motion only as to defendants Oliver Johnson Paris, individually and as personal representative of the estate of Charles Whitson Stanford, Jr.; Stanford Place Limited Partnership; Oliver Johnson Paris as personal representative of the estate of Jane S. Paris; and Oliver Johnson Paris, trustee of the Jane S. Paris Family Trust.

Plaintiffs filed a motion for extension of time to file a petition for writ of certiorari in the Court of Appeals as to defendant Margaret Pless and the Paris defendants. This third motion was also denied on 12 March 2009. Plaintiffs' 6 April 2009 motion to reconsider the three 12 March 2009 orders was denied on 21 April 2009.

On 19 May 2009, plaintiffs filed a petition for writ of certiorari in this Court seeking review of the orders of the Court of Appeals dated 12 March 2009 and 21 April 2009. On 27 August 2009, this Court

**STANFORD v. PARIS**

[364 N.C. 306 (2010)]

allowed the petition for writ of certiorari as to the following issue: "Did plaintiffs waive their right to appeal the trial court's 16 February 2007 order allowing [defendants'] motion to dismiss by waiting to appeal until after entry of the trial court's final judgment?"

As plaintiffs note, the trial court did not certify that the 16 February 2007 order was a final judgment and that there was no just reason for delay under Rule 54(b) of the Rules of Civil Procedure, which would have made the order subject to immediate appellate review. The order did not resolve all claims or all rights and liabilities of all parties and was, thus, not a final order. *See* N.C.G.S. § 1A-1, Rule 54(b) (2009). "An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey v. City of Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950) (citing *Johnson v. Roberson*, 171 N.C. 194, 88 S.E. 231 (1916)). Two avenues are available to a party to obtain review of an interlocutory order. One is certification under Rule 54(b). The other is pursuant to N.C.G.S. § 1-277 if the interlocutory order "affects some substantial right claimed by the appellant and will work an injury to him if not corrected before an appeal from the final judgment." *Id.* (citations omitted).

The appeals process "is designed to eliminate the unnecessary delay and expense of repeated fragmentary appeals, and to present the whole case for determination in a single appeal from the final judgment." *City of Raleigh v. Edwards*, 234 N.C. 528, 529, 67 S.E.2d 669, 671 (1951). Accordingly, interlocutory appeals are discouraged except in limited circumstances. *See* N.C.G.S. § 1-277 (2009), *id.* § 7A-27 (2009). N.C.G.S. § 1-277 provides:

> (a) An appeal may be taken from every judicial order or determination of a judge of a superior or district court, upon or involving a matter of law or legal inference, . . . which affects a substantial right claimed in any action or proceeding; or which in effect determines the action and prevents a judgment from which an appeal might be taken; or discontinues the action, or grants or refuses a new trial.

As this Court said in *Department of Transportation v. Rowe*, "[t]he language of N.C.G.S. § 1-277 is permissive not mandatory. Thus, where a party is entitled to an interlocutory appeal based on a substantial right, that party may appeal but is not required to do so." 351 N.C. 172, 176, 521 S.E.2d 707, 710 (1999).

Defendants, relying on *Watson v. Millers Creek Lumber Co.*, 178 N.C. App. 552, 631 S.E.2d 839 (2006), which quoted *North Carolina Department of Transportation v. Stagecoach Village*, 360 N.C. 46, 619 S.E.2d 495 (2005), argue that an interlocutory order such as the 16 February 2007 order in this case affecting title to land must be immediately appealed even though it is not a final order. This reliance is misplaced. First, the procedural posture of *Watson* is distinguishable from the present case. In *Watson* the Court of Appeals allowed the interlocutory appeal, determining that since the order affected title to land, a substantial right was adversely affected. 178 N.C. App. at 554-55, 631 S.E.2d at 840-41. By contrast, in this case plaintiffs' appeal has been dismissed. Second, *Stagecoach Village* was a condemnation case. This Court has said that in condemnation cases, after a hearing pursuant to N.C.G.S. § 136-108, appeal of an issue affecting title to land or area taken by the State is mandatory and the interlocutory appeal must be taken immediately. *See Stagecoach Vill.*, 360 N.C. at 48, 619 S.E.2d at 496; *Rowe*, 351 N.C. at 176, 521 S.E.2d at 710; *N.C. State Highway Comm'n v. Nuckles*, 271 N.C. 1, 14, 155 S.E.2d 772, 784 (1967), *modified*, *Rowe*, 351 N.C. at 176-77, 521 S.E.2d at 710. The holding that appeal of an interlocutory order affecting title to land and area taken is mandatory is in the context of condemnation cases. Disregarding the words "in condemnation cases" misconstrues the holdings in *Stagecoach Village, Rowe,* and *Nuckles* that such interlocutory appeals are mandatory.

In this case plaintiffs gave timely notice of appeal after entry of the final consent judgment on 18 July 2008. Based on the foregoing, we hold that plaintiffs did not forfeit their right to appeal by not taking an immediate appeal of the interlocutory 16 February 2007 order. The orders of the Court of Appeals entered 12 March 2009 and the orders of the trial court entered 17 December 2008 and 5 January 2009 dismissing plaintiffs' appeal are vacated and this case is remanded to the Court of Appeals for consideration of plaintiffs' appeal on the merits.

VACATED AND REMANDED.