An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-303

Filed 15 October 2025

Granville County, No. 24CV001860-380

HAMZA TEBIB, Plaintiff,

v.

CAROLINE BURNETTE, in her official and personal capacity; ROBERT FOUNTAIN, in his official and personal capacity; FRED ROBERTSON, in his official and personal capacity; CLERK OF COURT OF GRANVILLE SUPERIOR COURT, in his official and individual capacity; and BETTY LOU TEBIB, Defendants.

Appeal by Plaintiff from orders entered 10 and 18 February 2025 by Judge Shamieka L. Rhinehart in Granville County Superior Court. Heard in the Court of Appeals 24 September 2025.

*Attorney General Jeff Jackson, by Special Deputy Attorneys General Tamika L. Henderson and Elizabeth Curran O'Brien, and Womble Bond Dickinson (US) LLP, by Bradley O. Wood, for Defendants-Appellees.*

*Hamza Tebib, pro se Plaintiff-Appellant.*

CARPENTER, Judge.

Hamza Tebib ("Plaintiff") appeals from the trial court's 10 and 18 February 2025 orders dismissing his claims against Granville County District Court Judge

Caroline Burnette, the Clerk of Granville Superior Court,[1] Granville Sheriff Robert Fountain, and Jail Administrator Fred Robertson (collectively, "Defendants"). Plaintiff argues the trial court erred by dismissing his claims against Defendants. After careful review, we dismiss Plaintiff's appeal as interlocutory.

## I. Factual & Procedural Background

On 21 August 2024, Plaintiff filed a "Motion Complaint" against Defendants and his wife, Betty Lou Tebib, titled "Tort, Tortious Interference with Parental Rights." The complaint alleged that Defendants allowed, in Plaintiff's absence due to his incarceration, multiple "unlawful continuances" regarding an ex-parte domestic violence protective order ("DVPO") "originated by Betty Lou Tebib" against Plaintiff.

On 20 September 2024, Judge Burnette and the Clerk filed a motion to dismiss arguing "Plaintiff's claims are barred by sovereign immunity, absolute judicial immunity, are an impermissible collateral attack on orders of the court, and fail to state a claim upon which relief may be granted." On 1 October 2024, Administrator Robertson and Sheriff Fountain filed a motion to dismiss arguing Plaintiff's claims "are barred by governmental immunity, public officer's immunity, the public duty doctrine, and other relevant immunities, and . . . failed to state a claim . . . upon which relief can be granted."

---

[1] The name of the Clerk of Granville Superior Court is not included in the record.

On 10 February 2025, the trial court entered an order granting the motion to dismiss filed by Judge Burnette and the Clerk with prejudice, finding that Plaintiff's claims were barred by absolute judicial immunity, quasi-judicial immunity, and otherwise failed to state a claim upon which relief can be granted. On 18 February 2024, the trial court entered an order granting the motion to dismiss filed by Administrator Robertson and Sheriff Fountain, finding that Plaintiff failed to state a claim upon which relief can be granted. On 25 February 2025, Plaintiff filed notice of appeal from the trial court's orders dismissing his claims against Defendants.

## II. Jurisdiction

"Generally, there is no right to appeal from an interlocutory order." *Darroch v. Lea*, 150 N.C. App. 156, 158, 563 S.E.2d 219, 221 (2002) (citation omitted). "An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey v. City of Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950). A party may only appeal an interlocutory order if the trial court certifies "that there is no just reason to delay the appeal after it enters a final judgment as to fewer than all of the claims or parties in an action[,]" *Dep't of Transp. v. Rowe*, 351 N.C. 172, 175, 521 S.E.2d 707, 709 (1999), or if the interlocutory order "affects some substantial right claimed by the appellant and will work an injury to him if not corrected before an appeal from the final judgment[,]" *Veazey*, 231 N.C. at 362, 57 S.E.2d at 381.

- 3 -

Here, Plaintiff asserted claims against Defendants and his wife. Although the trial court dismissed Plaintiff's claims against Defendants, the record on appeal does not contain a final judgment as to Plaintiff's claims against his wife. Indeed, the record does not reflect that Plaintiff's wife filed a motion to dismiss or that the trial court dismissed Plaintiff's claims against his wife. As a result, the record does not demonstrate that the trial court's orders granting Defendants' motions to dismiss "dispose[d] of the case." *See id.* at 362, 57 S.E.2d at 381. Accordingly, Plaintiff's appeal is interlocutory.

We may only review an interlocutory appeal if the trial court certified the case for appeal, or the trial court's challenged orders affect a substantial right. *Id.* at 362, 57 S.E.2d at 381; *Dep't of Transp.*, 351 N.C. at 175, 521 S.E.2d at 709. In this case, Plaintiff did not establish either exception. *See Doe v. City of Charlotte*, 273 N.C. App. 10, 22, 848 S.E.2d 1, 10 (2020) (explaining it is the appellant's burden to " 'construct arguments for or find support for [their] right to appeal from an interlocutory order' ") (quoting *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 380, 444 S.E.2d 252, 254 (1994)). Rather, Plaintiff argues the trial court's orders are final orders. As such, we dismiss Plaintiff's appeal as interlocutory.

### III. Conclusion

Because Plaintiff's appeal is interlocutory and neither exception to the general rule against interlocutory appeals applies to allow our immediate review, we dismiss Plaintiff's appeal as interlocutory.

DISMISSED.

Judges TYSON and STADING concur.

Report per Rule 30(e).