CITY OF CHARLOTTE, A MUNICIPAL CORPORATION PETITIONER V. MARGARET
C. McNEELY AND HUSBAND, SAM S. McNEELY, JR. RESPONDENTS

No. 7026SC395

(Filed 15 July 1970)

**1. Eminent Domain § 7— condemnation by municipality — compliance with statutory procedures — dismissal**

A municipality was not entitled to condemn a right-of-way over a strip of respondent's land for purpose of widening a street, and consequently its condemnation proceeding was properly dismissed, where there was no indication that the municipality had ever adopted a resolution stating the nature of the proposed improvement for which the land is required, or that it had appointed a time and place for its final determination, or that it had caused notice of such time and a brief description of the improvement to be published in a local newspaper — all as required by G.S. 160-207.

**2. Eminent Domain § 1— nature of the power**

The exercise of the power of eminent domain is in derogation of common right, and all laws conferring such power must be strictly construed.

**3. Eminent Domain § 4— delegation of power — allegation and proof of compliance with statute**

Where a municipality undertook to exercise the power of eminent domain which had been granted to it by the Legislature, it was necessary that the municipality both allege and prove compliance with statutory procedural requirements.

ON Certiorari to review a judgment of *Bryson, J.,* 7 July 1969, Schedule "A" Civil Session of MECKLENBURG Superior Court.

This is a condemnation proceeding instituted on 2 April 1965 in which petitioner, a municipal corporation, seeks to condemn a right-of-way over a strip of land 20 feet wide from the western portion of property belonging to the feme respondent for the purpose of widening Alleghany Street in the area between Wilkinson Boulevard and Denver Avenue in the City of Charlotte, N. C. The petitioner alleged prior good faith efforts to buy and that "the necessity of acquiring the right-of-way for public use for the aforesaid purposes has been duly determined by the City Council of the City of Charlotte." Respondents filed answer on 30 April 1965 in which they admitted prior efforts of the City to purchase, but denied they had received any notice of any proposal being sent to the City Council of the City of Charlotte to take and condemn any of their lands and alleged that if any such action was taken, it was arbitrary and constituted a taking of their property without due process of law. After hearings, the clerk of Superior Court filed judgment on 2 August

1966, making 30 findings of fact. Finding of Fact Number 24 was as follows:

"24. There is no evidence that the City Council has officially or specifically authorized the widening and paving of Alleghany Street between Wilkinson Boulevard and Denver Avenue, but did approve condemnation proceedings to take the Respondents' land for that purpose."

Upon the findings of fact, the Clerk made the following conclusions of law:

"1. That there is no public convenience and necessity to support and substantiate condemning the lands of the Respondents.

"2. That Petitioner, through its City Council, acted arbitrarily, without adequate determining principle, and in abuse of its legal discretion in directing and ordering condemnation of Respondents' lands described in the Petition filed herein.

"3. That the City Council of the City of Charlotte is not entitled to condemn the lands of Respondents described in the Petition."

Upon these findings and conclusions, the court ordered that the petition be dismissed. Upon appeal by the petitioner to the judge of Superior Court, the parties stipulated that the judge might hear the matter upon the transcript and exhibits which had been introduced before the clerk of Superior Court. After hearing, Judge Bryson filed judgment on 11 August 1969 in which he adopted all findings of fact and conclusions of law made by the clerk of Superior Court and affirmed the order which had been entered by the clerk of Superior Court. Petitioner filed notice of appeal to the Court of Appeals. Subsequently the Court of Appeals granted petitioner's petition for writ of certiorari to perfect a late appeal.

*W. A. Watts for petitioner appellant.*

*Haynes & Baucom, by Lloyd F. Baucom and Elbert E. Foster for respondent appellees.*

PARKER, J.

This proceeding was commenced prior to the effective date of Chapter 713 of the 1965 Session Laws, which was enacted 26 May 1965 and became effective 1 July 1965 and which revised the Charter of the City of Charlotte. Therefore, the provisions relat-

ing to the power of eminent domain as contained in the revised Charter are not here applicable, and for purposes of this case reference must be had to the prior City Charter provisions. These were contained in Chap. 366, Public-Local Laws of 1939, Section 51 of which was as follows:

> "Sec. 51. The City of Charlotte is hereby vested with all power and authority now or hereafter granted to municipalities under the Public Laws of North Carolina, with respect to condemnation of property, rights, privileges or easements for public use, and in the exercise thereof the said City of Charlotte shall follow exclusively the procedure outlined and provided by the Public Laws of North Carolina, as the same may now or hereafter be enacted; . . ."

By virtue of this section of its Charter, which was in effect at the time the present proceeding was commenced, the petitioner derived its powers with respect to condemnation from, and in the exercise of those powers was required to follow exclusively the procedure outlined and provided by, the Public Laws of North Carolina. For municipal corporations, these are contained in General Statutes, Chap. 160, Municipal Corporations. For purposes of the questions raised by this appeal, pertinent portions of that Chapter are as follows:

> G.S. 160-204. "When in the opinion of the governing body of any city . . . having and exercising . . . the management and control of the streets, . . . any land, right of way, . . . privilege, or easement . . . shall be necessary for the purpose of opening, . . . widening, . . . or operating any such streets, . . . such governing body . . . of such city may purchase such land, right of way, . . . privilege, or easement from the owner or owners thereof and pay such compensation therefor as may be agreed upon."

> G.S. 160-205. "If such governing body . . . of such city are unable to agree with the owners thereof for the purchase of such land, right of way, privilege, or easement, for the purposes mentioned in the preceding section, . . . condemnation of the same for such public use may be made in the same manner and under the same procedure as is provided in chapter Eminent Domain, article 2; and the determination of the governing body, . . . of such city of the land necessary for such purposes shall be conclusive."

> G.S. 160-207. "When it is proposed by any municipal corporation to condemn any land, rights, privileges or easements

for the purpose of opening, extending, widening, altering or im-proving any street . . . *an order or resolution of the govern-ing body of the municipality at a regular or special meeting shall be made stating generally, or as nearly as may be, the nature of the proposed improvement for which the land is re-quired. . . . The governing body shall appoint a time and place for its final determination thereof, and cause notice of such time and a brief description of such proposed improvement to be published in some newspaper published in said munici-pality for not less than ten days prior to said meeting. At said time and place said governing body shall hear such reasons as shall be given for or against the making of such proposed im-provement, and it may adjourn such hearing to a subsequent time. . . .*" (Emphasis added.)

**[1]** The record before us in the present case does not reveal that there has been compliance with these statutory requirements. Ap-pellants contend compliance may be found in the minutes of meet-ings of the Charlotte City Councel held 10 September 1962 and 15 February 1965. The first of these shows adoption of a motion autho-rizing expenditure of funds for surfacing Alleghany Street at loca-tions other than involved in the present condemnation proceeding, which resolution included a statement that "in the interim that we contact the property owners affected and get the street opened to Wilkinson Boulevard in a joint effort." The second resolution, adopted at the 15 February 1965 meeting, merely authorized con-demnation "of 8,142.10 sq. ft. of property on the east side of Alle-ghany Street, between Wilkinson Blvd., and Havelock Avenue, owned by Margaret C. McNeely and Sam S. McNeely, Jr." These resolutions, which are the only ones to which appellant has directed our attention and the only ones which, insofar as the record before us reveals, were ever adopted by the Charlotte City Council relating to the widening of Alleghany Street over the lands of respondents, fall short of meeting the statutory requirements. There is no indica-tion that the Charlotte City Council ever adopted a resolution stat-ing "the nature of the proposed improvement for which the land is required," or that it ever "appointed a time and place for its final determination thereof," or that it caused "notice of such time and a brief description of such proposed improvement to be published in some newspaper published in said municipality for not less than ten days prior to said meeting," all as required by G.S. 160-207.

**[2, 3]** "The exercise of the power of eminent domain is in deroga-tion of common right, and all laws conferring such power must be

strictly construed." *Redevelopment Comm. v. Abeyounis*, 1 N.C. App. 270, 161 S.E. 2d 191. In the present case, when the City undertook to exercise the power of eminent domain which had been granted to it by the Legislature, it was necessary that it both allege and prove compliance with statutory procedural requirements. It has failed to carry its burden of proof in this respect. The trial court's Finding of Fact No. 24 is supported by the record. That finding in turn supports the conclusion and judgment that the City is not entitled to condemn the lands of the respondents and that the present proceeding be dismissed.

Certain other findings of fact made by the trial court are irrelevant, but do not vitiate the judgment of dismissal and may be treated as surplusage. Dismissal of the present proceeding in no way bars the City, it if is so advised, from widening Alleghany Street or any other street in the City as the City's governing body may decide, and for such purpose the City may institute new condemnation proceedings in compliance with currently applicable charter and statutory procedural requirements.

The judgment dismissing the present proceeding is

Affirmed.

MALLARD, C.J., and HEDRICK, J., concur.