PROGRESS ENERGY CAROLINAS, INC., Petitioner v.
WILLIAM HOWELL STRICKLAND, Respondent

No. COA09-170

(Filed 3 November 2009)

**1. Eminent Domain— law of the case—power line interfering with airstrip—second appeal**

The law of the case doctrine applied in a condemnation action involving a power line that affected two airstrips, and the trial court properly instructed the jury using specific language from the prior appellate opinion.

**2. Eminent Domain— damages trial—instructions—use of land**

The trial court in an eminent domain proceeding did not improperly focus the jury on one use of the property and take away the jury's fact finding function of determining the highest and best use of the property.

Appeal by petitioner from judgment filed 8 September 2008 by Judge Cressie Thigpen in Columbus County Superior Court. Heard in the Court of Appeals 2 September 2009.

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, L.L.P., by J. Mitchell Armbruster and Jackson Wyatt Moore, Jr., for petitioner-appellant.*

*Vandeventer Black LLP, by David P. Ferrell and Norman W. Shearin, Jr., for respondent-appellee.*

STEELMAN, Judge.

Where the trial court's instruction to the jury was based upon law of the case and left the determination of what constituted the highest and best use of the property to the jury, the instruction was not error.

**PROGRESS ENERGY CAROLINAS, INC. v. STRICKLAND**

[200 N.C. App. 600 (2009)]

## I.  Factual and Procedural Background

On 2 February 2005, Progress Energy Carolinas, Inc. (PEC) filed a petition for condemnation in Columbus County Superior Court seeking to acquire an easement to construct a 230 kilovolt power line across a tract of land owned by William Strickland (Strickland). The condemnation sought to widen a previous seventy (70) foot easement of PEC to one hundred fifty-five (155) feet. Strickland contested the condemnation because the proposed power line would interfere with the use of two airstrips on his property. On 5 July 2005, the trial court held an evidentiary hearing on all issues, except the amount of just compensation (the issues hearing). On 1 September 2005, the trial court held that PEC had the authority to condemn the easement, and remanded the matter to the Columbus County Clerk of Court for further proceedings. Strickland appealed to this Court.

In *Progress Energy Carolinas, Inc. v. Strickland*, 181 N.C. App. 610, 640 S.E.2d 856 (2007), this Court affirmed the trial court's order (the first appeal). We addressed three issues: (1) whether the trial court erred in finding that Strickland's garden was not affected by the easement; (2) "whether the petition sufficiently described the extent of the easement to be condemned and whether petitioner has the legal authority to condemn the rights described in the petition;" and (3) whether petitioner can exercise the power of eminent domain over Strickland's two airstrips when the eminent domain statutes conflict with statutes governing the obstruction of private airports and runways. Judge Tyson dissented in part, and Strickland appealed to the Supreme Court.

Ultimately, this appeal was resolved by the parties entering into a settlement agreement. On 24 May 2007, the Clerk of Superior Court of Columbus County entered a final order agreed to by the parties.

A jury trial was held pursuant to N.C. Gen. Stat. § 40A-64 to determine the fair market value of the easement on Strickland's land. Both parties presented expert testimony. Strickland presented the expert testimony of Dennis Gruelle (Gruelle), a real estate appraiser. Gruelle testified that the two airstrips constituted the highest and best use of Strickland's property, and the value of the easement was $790,000. PEC presented the expert testimony of George E. Knight, Jr. (Knight), also a real estate appraiser. Knight testified that the highest and best use of Strickland's property was as agricultural land, and the value of the easement was $4,400.

At the close of evidence, the trial court instructed the jury on how to determine the fair market value of Strickland's property before and after the taking. Strickland requested that the trial court modify the pattern jury instructions to conform with this Court's opinion in the first appeal. The trial court instructed the jury as follows:

In this case the easement affects one or both airstrips. To the extent the power lines in the easement will affect the airstrips, they constitute a condemnation of certain activities on the airstrip.

The jury returned a verdict in the amount of $611,000 as just compensation for the taking of the easement. On 8 September 2008, the trial court filed its judgment consistent with the jury verdict.

PEC appeals.

## II. Standard of Review

On appeal, this Court reviews a jury charge contextually as a whole, "and when so considered if it presents the law of the case in such manner as to leave no reasonable cause to believe the jury was misled or misinformed, we will not sustain an exception for that the instruction might have been better stated." *Jones v. Development Co.*, 16 N.C. App. 80, 86-87, 191 S.E.2d 435, 439-40 (1972) (citations omitted), *cert. denied*, 282 N.C. 304, 192 S.E.2d 194 (1972). Because PEC asserts the trial court's instruction was in error, PEC bears the burden of proving the jury was misled. *Wilson v. Burch Farms, Inc.*, 176 N.C. App. 629, 634, 627 S.E.2d 249, 254 (2006) (quoting *Bass v. Johnson*, 149 N.C. App. 152, 160, 560 S.E.2d 841, 847 (2002)). " 'Under such a standard of review, it is not enough for the appealing party to show that error occurred in the jury instructions; rather, it must be demonstrated that such error was likely, in light of the entire charge, to mislead the jury.' " *Id.* (quoting *Bass*, 149 N.C. App. at 160, 560 S.E.2d at 847).

## III. Law of the Case

[1] PEC's assignments of error relate solely to the trial court's instruction to the jury (the jury instruction) that "the easement affects one or both airstrips" and to "the extent the power lines in the easement will affect the airstrips, they constitute a condemnation of certain activities on the airstrip."

In a condemnation proceeding, all issues other than just compensation are determined by the trial court and not a jury. *See* N.C. Gen. Stat. §§ 40A-28(c); -29 (2007). The trial court's 1 September 2005

order, following the issues hearing, was the subject of the first appeal and this Court's first opinion. One of the issues determined was the area taken on Strickland's property. The trial court found: "The easement to be taken by condemnation over Respondent's property will affect in some way one or both of the two (2) airstrips of the Respondent." The trial court concluded: "Any effect that the condemnation may have on the Respondent's use of his airstrips is a matter to be considered as part of the 'just compensation' determination." In the first appeal, this Court noted that PEC did not assign error to the finding, and it was thus binding on appeal. *Strickland*, 181 N.C. App. at 618, 640 S.E.2d at 861 (citing *In re Moore*, 306 N.C. 394, 404, 293 S.E.2d 127, 133 (1982)). This Court held that "the North Carolina statutes grant petitioner the authority to condemn respondent's land even though it 'will affect in some way one or both of the two (2) airstrips.' " *Id.* at 619, 640 S.E.2d at 862.

When an appellate court passes on an issue and remands the case for further proceedings, " 'the questions there settled become the law of the case, both in subsequent proceedings in the trial court and on subsequent appeal, provided the same facts and the same questions which were determined in the previous appeal are involved in the second appeal.' " *State v. Dorton*, 182 N.C. App. 34, 39, 641 S.E.2d 357, 361 (2007) (quoting *Hayes v. Wilmington*, 243 N.C. 525, 536, 91 S.E.2d 673, 681-82 (1956)), *disc. review denied*, 361 N.C. 571, 651 S.E.2d 225 (2007). This doctrine is limited to issues, which were actually presented and necessary for determination of the case. *Id.* at 40, 641 S.E.2d at 361. (quoting *Taylor v. Abernethy*, 174 N.C. App. 93, 102, 620 S.E.2d 242, 249 (2005), *disc. review denied and cert. denied*, 360 N.C. 367, 630 S.E.2d 454 (2006)).

One of the issues to be determined in the issues hearing, and before a jury can assess damages, is what area of land is being condemned. *Highway Commission v. Nuckles*, 271 N.C. 1, 14-15, 155 S.E.2d 772, 784 (1967); *see also Dep't. of Transp. v. Rowe*, 351 N.C. 172, 176, 521 S.E.2d 707, 709 (1999) (orders from a condemnation hearing concerning title and area taken are vital preliminary issues). If a jury assesses damages to an area of land before it is determined to be condemned, then on appeal, the jury verdict would be set aside for errors committed by the trial judge in determining issues other than damages. *Nuckles*, 271 N.C. at 14, 155 S.E.2d at 784. In the first appeal, Strickland argued that PEC's easement would unlawfully obstruct the two airstrips on his property. PEC argued that the condemnation of the airstrips was lawful under Chapter 40A of the North

Carolina General Statutes. This Court determined that the aviation and condemnation statutes could be reconciled, and the condemnation of the airstrips was lawful. Thus, the issue of whether the easement will affect the two airstrips was actually presented and necessary for a determination of this case on the first appeal. The 1 September 2005 order, as affirmed by this Court, is law of the case. The challenged portion of the jury instruction utilized specific language from this Court's opinion in the first appeal, thus it was proper for the trial court to so instruct the jury.

## IV. Highest and Best Use

[2] PEC argues that the trial court improperly focused the jury on only one possible use of Strickland's property and took away the jury's fact-finding function of determining the highest and best use of Strickland's property. We disagree.

At the trial on just compensation, the jury determined only one issue, damages. Strickland was entitled to recover as compensation the value of the portion of his land taken and damages to the remaining land not taken. *Light Company v. Creasman*, 262 N.C. 390, 399-400, 137 S.E.2d 497, 504 (1964) (citations omitted). N.C. Gen. Stat. § 136-112 provides that when only a part of the land is taken, "the measure of damages for said taking shall be the difference between the fair market value of the entire tract immediately prior to said taking and the fair market value of the remainder immediately after said taking." N.C. Gen. Stat. § 136-112(1) (2007). In arriving at the fair market value immediately prior to the taking, the determinative question is: "[i]n its condition on the day of taking, what was the value of the land for the highest and best use to which it would be put by owners possessed of prudence, wisdom and adequate means?" *Power Co. v. Ham House, Inc.*, 43 N.C. App. 308, 310, 258 S.E.2d 815, 818 (1979).

In the challenged jury instruction, the trial court did not instruct the jury that the airstrips were the highest and best use of Strickland's property. PEC did not assign error to the portion of the jury instruction which did relate to highest and best use:

In arriving at the fair market value of the property immediately before the taking, you should, in light of all the evidence, consider not only the use of the property at that time but also all of the uses to which it was then reasonably adaptable, including what you find to be the highest and best use or uses.

This instruction *immediately* followed the challenged portion of the jury instruction. We consider jury instructions contextually and in their entirety. *Hughes v. Webster*, 175 N.C. App. 726, 730, 625 S.E.2d 177, 180 (2006) (citation omitted), *disc. review denied*, 360 N.C. 533, 633 S.E.2d 816 (2006). When the two instructions are read together, it is clear that the trial court was instructing the jury that the easement affected the airstrips, but that in determining the highest and best use of the land, the jury should look at all of the evidence, including all of the uses to which the land was then *reasonably adaptable*.

PEC cites the case of *Carolina Power & Light Co. v. Creasman* for the proposition that a trial court may not instruct the jury about one particular possible use of land. In *Creasman*, petitioner condemned a portion of respondents' land in connection with the construction, maintenance and operation of a new electricity-generating steam plant. Respondents, over the objection of petitioner, introduced evidence of diminution of value of their property based upon not only the taking of a portion of their property, but also based upon the location of the steam plant, thousands of feet away from the property. The trial court instructed the jury that the respondents contended that the location of the steam plant changed the residential nature of the neighborhood and "that they are entitled to have you assess the diminution in value caused by that." *Creasman*, 262 N.C. at 399, 137 S.E.2d at 504. We find *Creasman* to be inapposite. First, the *Creasman* jury instruction did not stem from a previous opinion of this Court, which constituted the law of the case. Second, the ruling of the Supreme Court in *Creasman* was based upon the erroneous admission of evidence tending to show that the property was diminished in value by the location of the steam plant some distance away from the condemned property. The Supreme Court held:

> consequential damages to be awarded the owner for a taking of a part of his lands are to be limited to the damages sustained by him by reason of the taking of the particular part and of the use to which such part is to be put by the acquiring agency. No additional compensation may be awarded to him by reason of proper public use of other lands located in proximity to but not part of the lands taken from the particular owner.

*Id.* at 402, 137 S.E.2d at 506 (quoting *Spring Valley Water Works & Supply Co. v. Haslach*, 24 Misc.2d 730, 202 N.Y.S.2d 889 (1960)).

In the instant case, the expansion of the easement had a direct impact upon the operation of the two airstrips. It was not a remote impact such as existed in *Creasman*.

The trial court did not instruct the jury that Strickland would be limited to only certain uses of his land, exactly how the power lines would affect the airstrips, or what activities on the airstrips were being condemned. The jury was simply told that the easement "affects one or both airstrips." The jury was free to decide what was the highest and best use of Strickland's land.

Because we determine that the jury instruction was not error, we do not decide whether the error was likely to mislead the jury. *Wilson*, 176 N.C. App. at 634, 627 S.E.2d at 254 (quoting *Bass*, 149 N.C. App. at 160, 560 S.E.2d at 847).

AFFIRMED.

Judges BRYANT and JACKSON concur.